UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BAIT PRODUCTIONS PTY LTD.,

        Plaintiff,

vs.                                                 Case No. 6:12-cv-1780-Orl-37DAB

DOES 1-96,

        Defendants.

**ORDER**

This cause is before the Court on the Report and Recommendation of Magistrate Judge David A. Baker (Doc. 5), filed December 14, 2012. The magistrate judge held a status conference on December 10, 2012, in this and numerous other copyright infringement actions brought by Plaintiff Bait Productions Pty Ltd. involving the BitTorrent file sharing protocol. (Doc. 11.) At that hearing, Plaintiff's counsel presented argument regarding the issues of joinder and case management. (Doc. 5, p. 1.) The magistrate judge concluded that the fictitious defendants in these actions were improperly or imprudently joined and therefore recommended that all of the defendants be dismissed except for the first-named defendant in each case.[1] (*Id.* at 2.)

Plaintiff objected to the magistrate judge's recommendations. (Doc. 10-1.) Plaintiff argues that the joinder of the numerous fictitious defendants is proper in view of the method in which those defendants allegedly committed copyright infringement. (*Id.*

---

[1] The magistrate judge also recommended that all of the cases brought by Plaintiff be consolidated before a single pair of district and magistrate judges. (Doc. 11.) After a brief period of consolidation, the district judge presiding over the consolidated cases ordered that they be returned to the judges to whom the cases were originally assigned. (Doc. 18.)

at 4–6.) Plaintiff argues further that severance is not warranted because the claims brought against the fictitious defendants are "bound by a commonality of when they infringed Bait Productions' copyright." (*Id.* at 11.) Plaintiff contends that, if it were required to file separate lawsuits against each defendant, such severance would unduly affect its ability to pursue the alleged infringers. (*Id.* at 11–12.)

## STANDARDS

**1. Objections to a Magistrate Judge's Report and Recommendation**

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge has the "widest discretion" as to its consideration of the recommendations of the magistrate judge, *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009), and the judge may "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(3); *see also* Local Rule 6.02. The district judge may consider arguments not presented to the magistrate judge, *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006), or may decline to consider such arguments, *Williams*, 557 F.3d at 1291.

**2. Joinder of Claims and Parties**

Although joinder is "strongly encouraged" and the Rules of Federal Procedure are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties," *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966), district courts enjoy equally broad discretion to sever parties based on

misjoinder, *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

Federal Rule of Civil Procedure 20 permits plaintiffs to join claims against defendants where such claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and share a "question of law or fact." Fed. R. Civ. P. 20(a)(2); *see also Alexander*, 207 F.3d at 1323. Claims arise from the same transaction or occurrence so long as they are logically related. *Alexander*, 207 F.3d at 1323. There is a logical relationship when "the same operative facts serve as the basis of both claims." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). In determining whether to exercise its discretion to sever under Rule 20, the Court should examine whether separate trials would prevent delay or prejudice. *Alexander*, 207 F.3d at 1325. Even if the requirements of Rule 20(a) are satisfied, a court could sever claims. *See, e.g.*, *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002).

## DISCUSSION

As noted by U.S. District Judge Patricia A. Seitz, federal courts disagree as to whether defendants who download and share files using the BitTorrent protocol are engaged in acts that arise out of the same transaction, occurrence, or series of transactions or occurrences. *Bubble Gum Prods., LLC v. Does 1–80*, No. 12-20367, 2012 WL 2953309, at *3 (S.D. Fla. July 19, 2012). Some courts find that such copyright infringement claims are properly joined, some find that they are not.

Courts finding joinder proper reason that each claim of copyright infringement rests on a common core of operative facts. *See, e.g.*, *Malibu Media, LLC v. John Does 1–28*, No. 8:12-cv-1667-T-27MAP, ECF No. 22, pp. 7–8. Under this reasoning, joinder is appropriate because by using the BitTorrent protocol software, the various fictitious

3

defendants affirmatively choose to download a single, "seeded" movie file and share that file with others.

Other courts conclude that such claims cannot be joined because: (1) the BitTorrent protocol software operates invisibly to the user (that is, the user plays no active role in any interactions with other users); (2) the dates of the alleged infringing acts are often weeks or months apart; (3) individualized questions of fact far outweigh the common questions of fact; (4) allowing plaintiffs to pursue mass actions permits them to avoid filing fees; and (5) the "swarm theory" of joinder does not necessarily support a finding that all of the defendants interacted with one another. *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, No. 12-cv-1154, 2012 WL 5879120, at *7–8 (E.D.N.Y. Nov. 20, 2012).

The Court agrees with the latter courts and adopts their reasoning as its own. In this case, Plaintiff has not shown that all of the fictitious defendants' allegedly infringing acts are logically related. The Court therefore agrees with the magistrate judge that the claims are misjoined and should be severed.

Further, even if Plaintiff did successfully demonstrate that the claims against each fictitious defendant arise out of the same transaction, occurrence, or series of transactions or occurrences, this Court would sever Plaintiff's claims pursuant to Rule 21 of the Federal Rules of Civil Procedure. As U.S. District Judge James D. Whittemore noted in *Malibu Media*, these cases often involve multiple, unrelated, and individualized defenses and discovery disputes. *Malibu Media*, ECF No. 22 at 11. Thus, "there are few, if any, litigation or judicial economies to be gained by joining these claims." *Id.*

The joinder of ninety-six fictitious defendants also significantly impacts the Court's ability to effectively manage this litigation. Case management deadlines cannot

be reasonably set. Pretrial motions involving some defendants would unreasonably delay the adjudication of claims against other defendants. The case itself is likely to languish well-beyond the two-year timeframe, identified in Local Rule 3.05(c), in which a track two case should be brought to trial. Once the case proceeds to trial, the Court does not have access to a facility large enough to accommodate a trial having ninety-six defendants, even if such a trial were workable.

Furthermore, the parties themselves could not reasonably abide by their obligations under the Federal Rules of Civil Procedure. Plaintiff provides no indication as to how it will go about organizing the case management conference. *See* Fed. R. Civ. P. 26(f); Local Rule 3.05(c). When more than a handful of defendants appear to defend the claims made against them, Plaintiff will be hard-pressed to oppose motions filed by each defendant within the time allotted by Local Rule 3.01(b). If Plaintiff should choose to file an opposed, non-dispositive motion for relief, it will be obligated to meet and confer with all of the opposing parties, which could be challenging if the motion seeks relief against more than one defendant. *See* Local Rule 3.01(g).

The Court is mindful that requiring Plaintiff to file a separate lawsuit against each fictitious defendant may be burdensome and costly. The serious procedural, case management, and fairness concerns that arise in actions such as this outweigh any convenience and cost-savings on Plaintiff's part. *See, e.g.*, *Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *9–10 (D. Mass. Oct. 2, 2012).

Therefore, the Court concludes that, even if Plaintiff's claims could be joined pursuant to Rule 20(a), such claims should be severed pursuant to Rule 21. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (noting that Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as

are just"); *see also Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

Accordingly, it is **ORDERED and ADJUDGED**:

1. Plaintiff's Objections (Doc. 11) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 5) is **ADOPTED** as the opinion of the Court.

3. Only the first-named Defendant (as identified in Exhibit A to the Complaint) shall remain a party to this action. The claims against the remaining defendants are hereby severed and dismissed without prejudice. The clerk is directed to terminate all but the first defendant as parties to this action.

4. If Plaintiff chooses to file additional actions against the severed defendants, it shall promptly comply with the requirements of Local Rule 1.04(d) and inform the district judges presiding over those actions of this Order and all other related cases.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

6